[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO REARGUE CROSS MOTIONS FOR SUMMARY JUDGMENT
CT Page 4116
Plaintiffs have moved to reargue their motion for summary judgment against both defendants as well as defendant National Union Fire Insurance Company of Pittsburgh PA's ("National Union") cross motion for summary judgment on the issue of a claimed duty to pay costs of defending a suit brought against the plaintiffs for violation of environmental regulations.
In all but one respect, the content of the plaintiffs' motion to reargue is simply a repetition of arguments made at the time the cross motions were briefed. The plaintiffs continue to urge this court to ignore the separate and distinct nature of its multiple obligations under the primary liability policy issued by National Union and somehow to conclude that advising the insurer of the EPA suit several years after the plaintiffs resolved it constitutes compliance with an obligation to "immediately forward to the company every demand, notice, summons, or other process received." This court has explained in its memorandum of decision that Florida law applies and that Florida law imposes on the insured the burden of proving lack of prejudice to the insured when a suit or demand is not forwarded to the insurer immediately.
The plaintiffs assert that this court erred in trying to determine the date of the consent decree in question when they had failed to provide the court with a dated copy of that document. They now seem to admit, however, that they waited four years, not three, to advise National Union that they had not only had a claim brought against them, but had settled it, since they aver that the consent decree was entered into in 1991, not in 1992. It remains undisputed that they did not forward the claim to National until 1995.
Continuance Issue
The one point that warrants additional comment is the plaintiffs' assertion that this court improperly denied them a continuance to conduct discovery with which to counter National Union's cross motion for summary judgment.
Practice Book § 17-47 provides that a party against whom a motion for summary judgment is filed may file an affidavit stating that "such party cannot, for the reasons stated, present facts essential to justify opposition." The facts that are "material," Practice Book § 17-49, or "essential," Practice Book § 17-47, to the issue raised by National Union are the facts that relate to whether the failure to advise the insurer until 1995 of a claim made in 1991 constituted compliance with the requirement to forward claims "immediately" so that the insurer could CT Page 4117 formulate and control defense strategy and expenses.
The plaintiffs, as the defendants in the EPA suit, knew whether National Union had somehow been afforded an opportunity to control the defense, hire defense counsel and decide on the compensation for counsel and experts. Inability to exercise such control of the defense is the prejudice National Union claimed resulted from the four-year interval. The plaintiffs knew who their defense counsel were and whether those lawyers had been retained by themselves or by National Insurance.
At the time of briefing National Union's motion, the plaintiffs did not express any inability to present facts on the issue of National's participation in or control of the defense of the EPA claim. Instead, the plaintiffs seek to define the prejudice to the insurer in some manner not material to the actual purpose of the policy requirement actually at issue. Facts that relate to a tangential issue are neither "material" nor "essential."
The plaintiffs further assert that they should have been provided with more time to provide evidence that they were continuing to pay costs associated with the 1991 EPA claim after they notified the insurer of the claim in 1995. Such expenditures were known to them. Their neglect in providing affidavits on this point until oral argument of the cross motion was in progress does not entitle them to a second presentation of their position. Practice Book § 17-47 permits continuances where a party requires facts which for some reason it is unable to present. The provision is not meant to delay adjudication where a party has simply neglected to support its motion with information in its possession that it belatedly decides would have been helpful.
Conclusion
The motion to reargue is denied.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court